632 So.2d 817 (1994)
STATE of Louisiana
v.
Lester JOHNSON, et al.
No. 93-K-2557.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1994.
Harry F. Connick, Dist. Atty., Greg Hangartner, Asst. Dist. Atty., New Orleans, for relator.
Kevin V. Boshea, Regan and Associates, New Orleans, for respondent.
Before SCHOTT, C.J., and KLEES and R. LOBRANO, JJ.
KLEES, Judge.
The defendant, Lester Johnson, was charged by bill of information on July 21, 1992, with possession of more than four hundred (400) grams of cocaine, a violation of R.S. 40:967(F)(1)(c), and being a convicted felon in possession of a firearm, a violation of R.S. 14:95.1. Mr. Johnson entered pleas of not guilty on July 29, 1992.
About a month earlier, the State sent a Notice of a Pending Forfeiture pursuant to R.S. 40:2608(3)(a) indicating that it intended to forfeit $976.00 seized from Mr. Johnson at his arrest. Official notice was published on June 26, 1992. When no timely claims were made, a magistrate on August 11, 1992, signed a judgment granting the State's request for an in rem forfeiture of the $976.00
On July 22, 1993, a twelve-person jury found the defendant guilty as charged of possession of more than four hundred grams of cocaine. The defendant filed a motion for *818 a new trial contending that the charges against him should be quashed because the forfeiture of $976.00 constitutes punishment, and the double jeopardy clause prohibits successive punishment for the same criminal conduct. The trial court granted the defendant's motion on this ground on October 19, 1993. The State now complains of this ruling.

DISCUSSION:
Two recent U.S. Supreme Court cases provide the controlling law on this issue: Austin v. U.S., ___ U.S. ___, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and U.S. v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
In Austin v. U.S., the Court concluded that forfeiture of a defendant's mobile home and auto body shop, under certain federal statutes constitute punishment for the defendant's drug offenses and is subject to the limitations of the Eighth Amendment's Excessive Fines Clause. The court in Austin did not discuss whether the civil in rem forfeiture of the defendant's vehicle and real property constituted punishment for purposes of the Double Jeopardy Clause. The Court in Austin discussed forfeitures only in relation to an Eighth Amendment Excessive Punishment analysis. While the Court opinion paints with a broad brush, the language should be limited to the legal issue before the court; that is, are in rem forfeitures subject to the limitations of the Eighth Amendment's Excessive Fines Clause.
U.S. v. Halper is more relevant to the present issue. In Halper, the defendant was convicted of 65 counts of fraud. The government's actual damages caused by the defendant's criminal actions was about $585.00. After the defendant was sentenced, the government filed a civil action under the federal civil False Claims Act seeking more than $130,000.00 in fines. The trial court found that the federal civil False Claims Act was unconstitutional as it applied to this defendant because it punished him twice for the same conduct, in violation of the Double Jeopardy Clause. The United States Supreme Court found that a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause. The court rejected the labels "Criminal" and "Civil" as unimportant in determining whether civil proceedings are punitive and/or remedial. The court stated, ".... whether a given civil sanction constitutes punishment in a relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction is applied in the individual case serves the goal of punishment." Halper, 490 U.S. at 448, 109 S.Ct. at 1901-1902. The Court then limited the holding in Halper to the "rare case, the case such as the one before us." The Court stated:
"The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in a subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as `punishment' in the plain meaning of the word, then the defendant is entitled to an accounting the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment..... In other words, the only proscription established by our ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgement that is not rationally related to the goal of making the Government whole."
Halper, at 450-451, 109 S.Ct. at 1902-1903.
In the present case, the defendant was convicted of possession of more than four hundred grams of cocaine. The amount forfeited, $976.00, can hardly be said to constitute a "sanction overwhelmingly disproportionate to the damages he [the defendant] has caused." Halper, 109 S.Ct. at 1902. The amount forfeited to the government does not qualify as "punishment" under Halper, but rather is rationally related to the goal of compensating the government for its loss. (i.e., the expenses of conducting the surveillance, the arrest, and the imprisonment and prosecution of the defendant). Accordingly, the trial court erred in granting the defendant's motion for a new trial.
*819 For the reasons expressed above this application is granted, the ruling of the trial court reversed, and the case remanded to the trial court for proceedings consistent with this opinion.
APPLICATION GRANTED REVERSED AND REMANDED.