LINDSAY, Judge.
A five-judge panel was created in this appeal when one judge of the original three-judge panel dissented to a proposed reversal of the trial court’s judgment in this civil forfeiture action. LSA-Const. Art. 5, § 8.
On reargument, we reverse the trial court judgment.
The appellant, Frank L. Wilson, was arrested for possession of cocaine with intent to distribute. During the course of his drug arrest, his 1979 Cadillac and $24 in cash were seized. The appellant subsequently pled guilty to attempted possession of cocaine and was sentenced to serve one year in prison. Thereafter, pursuant to a civil forfeiture action filed by the state, the trial court ordered the forfeiture of appellant’s Cadillac and the $24 in cash. The appellant appeals from that judgment, arguing that the forfeiture is a second punishment for the same offense and is violative of protections against double jeopardy contained in the state and federal constitutions. For the following reasons, we reverse.

FACTS

On April 10, 1991, Officer Allen B. Pierce of the Shreveport Police Department observed the appellant driving his 1979 Cadillac northbound on the Clyde Fant Parkway in Shreveport, Louisiana. The appellant was exceeding the posted speed limit. Officer Pierce activated the flashing lights on his patrol car and began pursuit.
The appellant continued to travel northbound at approximately the same rate of speed. Officer Pierce observed the appellant throw a plastic bag from the passenger side of the vehicle. The appellant continued along the parkway until he reached a parking lot at Lake Street. He then stopped and parked his vehicle.
Other officers arrived to assist Officer Pierce. The appellant was placed under arrest. A search of his person yielded $24 in cash. In the vehicle, the officers found a test tube containing a white powder residue, which was determined to be cocaine, and a .38 caliber handgun.
Officer Pierce went back to the point on the parkway where the appellant threw the plastic bag from his vehicle. The bag was retrieved and was found to contain seventeen smaller plastic bags, each containing cocaine.
*1223 The appellant was charged with possession of cocaine with intent to distribute. On June 11, 1991, he entered a plea of guilty to the lesser charge of attempted possession of cocaine.
The appellant appeared before the court for sentencing on August 16, 1991. He was sentenced to serve one year at hard labor. The appellant was found to have prior convictions for burglary, theft and resisting an officer.
In the meantime, on June 10, 1991, the state filed a petition for an in rem forfeiture of the appellant’s vehicle and the money taken from him at the time of his arrest. The petition alleged that the vehicle was used to facilitate the possession, transportation and concealment of cocaine and that the $24 was “the proceeds of a felony drug sale or was used to facilitate [a] felony drug purchase or sale.” Therefore, the state contended that the automobile and the cash were subject to forfeiture under LSA-R.S. 40:2601, et seq.
A forfeiture hearing was held on July 20, 1992. The facts concerning the appellant’s guilty plea to attempted possession of cocaine were placed before the court. The state also presented the testimony of the arresting officer who stated that he observed the appellant throwing cocaine from the vehicle and that a test tube containing cocaine residue was found in the vehicle. It was also shown that the appellant’s vehicle was purchased for $2,800 and had an odometer reading of 180,-000 miles. Further, a towing fee of $50 and storage fees of $2,454.50 had been incurred up to the date of the forfeiture hearing.
In the trial court, the appellant argued that the sole purpose of the forfeiture proceeding was to levy an additional penalty against him, based upon his drug conviction, in violation of constitutional provisions against double jeopardy.
The trial court found that the state fulfilled the requirements of the Louisiana statutes governing forfeiture proceedings. The court found that the state had shown that the automobile was used to transport illegal drugs and therefore was used for a criminal purpose. The court also found that because the case was a civil proceeding, brought against the property itself, double jeopardy did not apply. The trial court signed a judgment on August 14,1992, ordering the forfeiture of the automobile and the $24 in cash.
The appellant appealed suspensively. In this court he again contends that the forfeiture of his vehicle violates the double jeopardy provisions of the United States and Louisiana constitutions.[1]
A person cannot twice be placed in jeopardy for the same offense. U.S. Const. amend. V; La. Const, art. L, § 15; LSA-C.Cr.P. Art 591; State v. Knowles, 392 So.2d 651 (La.1980). It is well established that the double jeopardy clause of the U.S. Constitution protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
The appellant claims that the forfeiture of his automobile violates the multiple punishment prong of the double jeopardy clause. He asserts that he has already been punished for his cocaine offense in the criminal proceedings and he is now being punished again for the same offense by the forfeiture of his automobile. We find that, under the facts of this case and in light of the recent pronouncements on the issue of forfeitures by the United States Supreme Court in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and Austin v. United States, — U.S. -, 113 S.Ct.. 2801, 125 L.Ed.2d 488 (1993), the forfeiture of the automobile does constitute punishment in violation of the double jeopardy clause.[2]

*1224
DISCUSSION

LSA-R.S. 40:2601, et seq, is patterned after the federal drug forfeiture statute contained in 21 U.S.C. § 881. State v. $77,OU, 607 So.2d 676 (La.App. 3d Cir.1992), writ denied 612 So.2d 61 (La.1993). The Louisiana forfeiture statute provides a comprehensive statutory scheme for the forfeiture of instrumentalities and profits of drug trafficking. The statute sets forth the property subject to forfeiture, prescribes that all property declared forfeited vests in the state on the commission of the illegal conduct giving rise to the forfeiture, and makes provisions for the seizure, disposition and use of the seized property. LSA-R.S. 40:2603-2606, 2608-2611, 2615-2616.
In One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the United States Supreme Court recognized a distinction between contraband per se, i.e., objects, the possession of which, without more, constitutes a crime; and other items which are legal to possess but are treated as contraband because they are used in the commission of a crime. Louisiana courts have also recognized this distinction and have held that things which may be forfeited because they are the immediate instruments of a crime, but are not ordinarily illegal to possess, are classified as derivative contraband. Greenburg v. One Hundred Seventy-Five Thousand Dollars in Cash, 517 So.2d 430 (La.App. 1st Cir.1987).
LSA-R.S. 40:2603 and 2604 set forth the conduct giving rise to a forfeiture and list property subject to forfeiture, i.e., contraband per se and derivative contraband. LSA-R.S. 40:2612 also provides that a civil in rem forfeiture proceeding may be brought against such property which is to be seized. In an in rem proceeding, pursuant to LSA-R.S. 40:2612, the state has the initial burden of proving the existence of probable cause for the forfeiture of the property. If the state establishes probable cause to justify the forfeiture, then the claimant has the burden of showing, by a preponderance of the evidence, that the claimant’s interest in the property is not subject to forfeiture. State v. Albritton, 610 So.2d 209 (La.App. 3rd Cir.1992).
Thé concept of forfeiture dates back to English common law. See discussion in Austin v. U.S., supra. The jurisprudence provides that the double jeopardy clause does not apply to civil forfeiture proceedings where the forfeiture can properly be characterized as remedial. The definition of “remedial” is essential to the decision of this case.
In United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), the defendant was charged with dealing in firearms without a license. Even though the defendant was acquitted of the criminal charges, the government instituted civil in rem forfeiture proceedings against the firearms. The United States Supreme Court found that the purpose of the statute under consideration was to keep dangerous weapons out of the hands of unlicensed dealers and that this purpose was remedial. Therefore, the Court found that the forfeiture was not barred by double jeopardy because the forfeiture of dangerous weapons is remedial in nature and does not constitute punishment.
In One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the United States Supreme Court considered whether the forfeiture of jewels brought into the United States without paying customs duties was violative of the double jeopardy clause. Although the owner of the *1225 jewels was acquitted on federal charges of smuggling the items into the United States with the intent to defraud the government, the Supreme Court rejected the argument that the forfeiture violated the constitutional guarantee against double jeopardy. The Court stated:
If for no other reason, the forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments. “Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense.” [Citations omitted.]
The Court then went on to find that the forfeiture of the jewels served a remedial purpose, stating as follows:
It prevents forbidden merchandise from circulating in the United States, and, by its monetary penalty, it provides a reasonable form of liquidated damages for violation of the inspection provisions and serves to reimburse the Government for investigation and enforcement expenses. In other contexts we have recognized that such purposes characterize remedial rather than punitive sanctions. [Citations omitted.] Moreover, it cannot be said that the measure of recovery fixed by Congress in § 1497 is so unreasonable or excessive that it transforms what was clearly intended as a civil remedy into a criminal penalty.
The import of United States v. One Assortment of 89 Firearms, supra, and One Lot Emerald Cut Stones v. United States, supra, is that double jeopardy did not occur because the property taken was contraband per se, not derivative contraband, and the forfeiture was solely remedial. The actual possession of the firearms by an unlicensed dealer was illegal, as was the possession of the stones upon which customs duties had not been paid.
In United States v. Halper, supra, the United States Supreme Court held that the double jeopardy clause prohibits a second sanction that may not be fairly characterized as remedial.[3] In Halper, the manager of a medical laboratory which provided services to Medicare patients submitted 65 false Medicare claims totalling $585. The defendant was indicted and convicted under federal law for filing false claims. The federal law under which the defendant was convicted also provided for the imposition of civil sanctions. The government instituted an action to collect civil penalties of $2,000 for each violation, totalling $130,000, an amount far in excess of the aggregate amount of the false claims made. The District Court found this sanction, in light of Halper’s previous criminal punishment, would violate the double jeopardy clause. Accordingly, the District Court granted judgment in favor of the government on only eight of the 65 counts against Halper, thereby imposing a civil penalty of $16,000. This was the amount the District Court found was necessary to make the government whole regarding its losses in the prosecution of the claims against Halper.
The government moved for reconsideration. Upon reconsideration, the District Court admitted that it erred and did not have discretion to award penalties on only eight of the 65 counts. The $2,000 penalty was mandatory for all 65 counts against Halper. However, the District Court remained firm in its conclusion that a $130,000 penalty could not be imposed because, under the circumstances, it violated the double jeopardy clause’s prohibition against multiple punishment. The District Court then found that the Federal False Claims Act was unconstitutional as applied to Halper and amended the judgment to award the government only *1226 double damages of $1,170 and costs of the civil action.
The government appealed to the United States Supreme Court. Under these facts, the United States Supreme Court agreed with the District Court that imposition of the civil sanctions violated double jeopardy.
In finding that the sanctions imposed upon the defendant in the Halper ease violated the double jeopardy clause, the United States Supreme Court focused on the fact that the amount of the sanction was greatly disproportionate to the amount received by the defendant in making the false claims. The Court stated that civil, as well as criminal, sanctions constitute punishment when the sanction, as applied in the individual case, serves the goal of punishment. The Court stated that a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment.
The Court further stated that, under the double jeopardy clause, a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution. The court went on to explain the ruling as follows:
The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the' goal of compensating the Government for its loss, but rather appears to qualify as “punishment” in the plain meaning of the word, then the defendant is entitled to an accounting of the Government’s damages and costs to determine if the penalties sought in fact constitutes a second punishment.
Halper stated that the only proscription established by the ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole. Further, Justice Kennedy pointed out in his concurrence that where the civil penalty imposed in a second proceeding bears no rational relationship to the damages suffered by the Government, it must be considered punishment for purposes of double jeopardy.
In Austin v. United States, supra, the United States Supreme Court provided further guidance as to the meaning of “punishment” and “remedial” and the occasions when the double jeopardy clause may prohibit forfeitures as constituting additional punishment. The court distinguished forfeitures from proceedings imposing civil sanctions, as in Halper, supra, finding that the forfeiture of property is a penalty that has absolutely no correlation to any damages sustained by society or to the cost of enforcing the law.[4]
In Austin, supra, the defendant pled guilty under South Dakota law to one count of possession of cocaine with intent to distribute. The United States then instituted forfeiture proceedings in federal court under 21 U.S.C. § 881 against Aústin’s mobile home and auto body shop where a drug transaction occurred. Austin claimed that the excessive fines clause of the eighth amendment applies to forfeitures and that, in this case, the forfeiture constituted an excessive fine.[5]
The Supreme Court found that the eighth amendment did apply and remanded the case for further consideration of whether the forfeiture constituted an excessive fine. Although in Austin the claimant did not allege a violation of the double jeopardy clause, in *1227 footnote four of the opinion, the Court explored the application of constitutional protections to forfeitures. In the context of double jeopardy, the court stated:
The Double Jeopardy Clause has been held not to apply in civil forfeiture proceedings, but only in cases ivhere the forfeiture could properly be characterized as remedial. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 364 [104 S.Ct. 1099, 1105, 79 L.Ed.2d 361] (1984); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237 [93 S.Ct. 489, 493, 34 L.Ed.2d 438] (1972); see generally United States v. Halper, 490 U.S. 435, 446-449 [109 S.Ct. 1892, 1900-1902, 104 L.Ed.2d 487] (1989) (Double Jeopardy Clause prohibits second sanction that may not be fairly characterized as remedial). [Emphasis supplied.]
In Austin, supra, the Supreme Court rejected the same claims relied upon by the state and the dissent in the instant case, i.e., that the forfeiture of derivative contraband is remedial. The Court found that the forfeiture of instrumentalities of a drug offense, derivative contraband such as residences or automobiles, is not remedial and constitutes punishment. The court stated:
The Government argues that §§ 881(a)(4) and (a)(7) are not punitive but, rather, should be considered remedial in two respects. First, they remove the “instruments” of the drug trade “thereby protecting the community from the threat of continued drug dealing.” [Citation omitted.] Second, the forfeited assets serve to compensate the Government for the expense of law enforcement activity and for its expenditure on societal problems such as urban blight, drug addiction, and other health concerns resulting from the drug trade. [Citation omitted.]
In our view, neither argument withstands scrutiny. Concededly, we have recognized that the forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 364, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984). The Court, however, previously has rejected government’s attempt to extend that reasoning to conveyances used to transport illegal liquor. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). In that case it noted: “There is nothing even remotely criminal in possessing an automobile.” Ibid. The same, without question, is true of the properties involved here, and the Government’s attempt to characterize these properties as “instruments” of the drug trade must meet the same fate as Pennsylvania’s effort to characterize the 1958 Plymouth Sedan as “contraband.”
The Government’s second argument about the remedial nature of this forfeiture is no more persuasive. We previously have upheld the forfeiture of goods involved in customs violations as “a reasonable form of liquidated damages.” One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972). But the dramatic variation in the value of conveyances and real property forfeitable under §§ 881(a)(4) and (a)(7) undercut any similar argument with respect to those provisions. The Court made this very point in Ward: the “forfeiture of property ... [is] a penalty that ha[s] absolutely no correlation to any damages sustained by society or to the cost of enforcing the law.” [U.S. v. Ward] 448 U.S. [242] at 254, 100 S.Ct. [2636] at 2644 [65 L.Ed.2d 742] [ (1980) ].
Fundamentally, even assuming that §§ 881(a)(4) and (a)(7) serve some remedial purpose, the Government’s argument must fail. “[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term.” Halper, 490 U.S. at 448 109 S.Ct. at 1902 (emphasis added). In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under *1228 §§ 881(a)(4) and (a)(7) serves solely a remedial purpose.
Simply stated, the United States Supreme Court reasoned that the forfeiture of derivative contraband is not remedial.[6]
The Court went on to find that under the federal drug forfeiture statute, forfeiture of residences and automobiles, which are not contraband per se, constitutes payment to a sovereign as punishment for an offense.
Further, the Austin decision dismissed the fictional distinctions between in rem and in personam forfeitures. Austin held that the forfeiture of real property tainted by drug offenses is a punishment for the defendant’s bad acts, whatever label it is given. The United States Supreme Court admonished the government not to rely on the fiction that an in rem proceeding is against the property and not against the owner to support the government’s argument that such forfeitures do not punish the owner. Austin v. United States, supra note 9, — U.S. at -, 113 5.Ct. at 2808-2809. The Court found that a forfeiture based on the owner’s acts has historically been understood as imposing punishment.
Although not specifically deciding a double jeopardy claim in Austin, the Court’s reasoning makes it clear that double jeopardy applies in the instant case because forfeiture of derivative contraband is not solely remedial, and therefore it constitutes punishment. These are the criteria for the application of double jeopardy. In applying the criteria for double jeopardy to this case, we must conclude that the forfeiture at issue here constitutes a second punishment for one offense.
As stated earlier, the forfeiture statute used by the state in the present case is modeled after the federal drug forfeiture statute discussed in Austin v. United States, supra. Pursuant to the reasoning in Austin, we are compelled to find that the double jeopardy clause of the state and federal constitutions apply to this case. Under the clear pronouncements of the United States Supreme Court, double jeopardy applies where the purpose of a forfeiture is not solely remedial. The Court further stated that the forfeiture of instrumentalities of drug offenses, such as residences and automobiles, is not remedial but constitutes punishment.
Further, we find that under the “same evidence” test discussed above, double jeopardy applies in this case. LSA-R.S. 40:2603 provides that the conduct giving rise to forfeiture is “an act or omission punishable by confinement for more than one year under R.S. 40:961, et seq., whether or not there is a prosecution or conviction related to the act or omission.” LSA-R.S. 40:961, et seq., are the statutes in this state proscribing illegal drug activity. Under the clear wording of our state’s forfeiture statute, all of the state statutes prohibiting illegal drug activity which carry a penalty of confinement for more than one year have been incorporated and made the foundation of forfeitures.
The facts of the present case are distinguishable from United States v. Millan, 2 F.3d 17 (2d Cir.1993), which held that a forfeiture and a criminal prosecution did not violate double jeopardy principles because, in that case, the criminal indictment and the forfeiture constituted a single proceeding against the defendant. In Millan, the government charged the defendants with conspiracy to distribute massive amounts of cocaine and, in the same indictment, included a criminal forfeiture count for properties derived from or used to facilitate drug violations. The defendants settled the forfeiture count, thereby forfeiting some of the seized property. Then the defendants claimed that they had already been punished and the government’s action in proceeding with the criminal charge of conspiracy to distribute cocaine violated their rights against being subjected to double jeopardy. The court found that the forfeiture and the criminal prosecution were “but different prongs of a single prosecution.”
*1229 In the present case, the state did not employ a single proceeding to prosecute the defendant on the criminal charge and to obtain the forfeiture of the automobile. The defendant was charged with and pled guilty to the criminal charge and was sentenced accordingly. Unlike the Millan case, the forfeiture was not made a part of the criminal indictment, but was instituted in a separate in rem civil proceeding. Here, the prosecution has consistently argued that the forfeiture proceeding was a separate civil action. Further, the forfeiture proceeding in this case was based on state statutes modeled after a federal forfeiture statute contained in 21 U.S.C. § 881. In Millan, the government proceeded under 21 U.S.C. § 853, which is a criminal forfeiture proceeding.[7]
As previously noted, the prosecution has not employed a single proceeding against the defendant to obtain both the criminal conviction and the forfeiture. Thus, it cannot be said that the forfeiture and the criminal prosecution were different prongs of a single prosecution. Therefore, the forfeiture in the present case constitutes an additional punishment and violates double jeopardy.
Under the facts of this case, the forfeiture of the appellant’s automobile cannot be said to serve a solely remedial purpose, but rather is punitive. Because the appellant pled guilty to the drug offense in the criminal proceedings and was sentenced under the criminal statute proscribing that behavior, he cannot now be punished a second time, by means of the instant forfeiture of derivative contraband, for the same criminal offense.
We do not hold that all derivative contraband forfeitures are prohibited. The United States Supreme Court in Halper, supra, noted that the decision in that case did not “prevent the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties in the same proceeding. In a single proceeding, the multiple-punishment issue would be limited to ensuring that the total punishment did not exceed that authorized by the legislature.” We perceive no reason why a procedure could not be developed and implemented, creating a single proceeding which would solve the double jeopardy problem and thereby allow the forfeiture of the derivative contraband used by drug offenders.

CONCLUSION

For the reasons stated above, we find that the forfeiture of the appellant’s automobile is barred by the prohibitions against double jeopardy. Therefore, the judgment of the trial court ordering forfeiture of the automobile is reversed. The property, or its value, is ordered restored to the appellant.[8]
REVERSED..
SEXTON, J., adds additional concurring reasons.
HIGHTOWER and VICTORY, JJ., dissent with written reasons.

. At the forfeiture hearing, no evidence regarding the $24 in cash was presented which tied the money to any drug offense. However, appellant did not argue this issue in the trial court and has not objected on appeal to the forfeiture of the money. Therefore, the propriety of the forfeiture of the cash is not before this court for decision.

. No objection has been raised by either party to the traditional double jeopardy analysis. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), employs the “same elements” test and specifies that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be ap *1224 plied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. In United States v. Dixon, - U.S. -, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) the United States Supreme Court reaffirmed its reliance on the Blockburger test in evaluating double jeopardy claims, but it overruled Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which had also incorporated the broader "same conduct” test. However, in Louisiana the similar "same evidence” test continues to be applied in evaluating double jeopardy claims. State v. Carouthers, 607 So.2d 1018 ((La.App. 3d Cir.1992); State v. Powell, 598 So.2d 454, 469 (La.App. 2d Cir.1992). The test provides that if the evidence necessary to support the second charge would have been sufficient to support the former charge, double jeopardy prohibits the second prosecution. State v. Girouard, 615 So.2d 29 (La.App. 3d Cir.1993).

. We note that several cases have found that Halper does not apply to forfeiture proceedings. See United States v. McCaslin, 959 F.2d 786 (9th Cir.1992), cert. denied, -U.S. -, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992); United States v. A Parcel of Land With a Building Located Thereon, 884 F.2d 41 (1st Cir.1989); United States v. Certain Real Property and Premises, 954 F.2d 29 (2d Cir.1992), cert. denied, - U.S. -, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992); People v. 1988 Mercury Cougar, 154 Ill.2d 27, 180 Ill.Dec. 323, 607 N.E.2d 217 (1992). The basic premise of these cases is that forfeitures of instrumentalities of drug offenses are distinguishable from the imposition of monetary sanctions discussed in Halper. That view was negated by Austin v. United States, which implicitly applied, in part, the reasoning of Halper to forfeiture proceedings.

. Insofar as double jeopardy principles are concerned, contrary to the dissenting opinions in the present case, the forfeiture of this automobile is not rationally related to reimbursing the state for investigating and prosecuting the drug offense which Wilson committed.

. In Austin, the defendant was convicted under state law of a drug offense. The forfeiture proceeding was instituted by the federal government. Separate prosecutions by state and federal authorities are not violative of double jeopardy. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Therefore Austin was precluded from raising double jeopardy objections in the forfeiture proceeding.

. The decision in the present case does not hold that the forfeiture of contraband per se is prohibited by double jeopardy. Rather, forfeiture of contraband per se, which is remedial under Austin, continues to be governed by United States v. One Assortment of 89 Firearms, supra, and One Lot Emerald Cut Stones v. United States, supra.

. In the instant case, the state also relies upon State v. Johnson, 632 So.2d 817 (La.App. 4th Cir.1994). In Johnson, the Fourth Circuit held that the pronouncements and directive of Austin v. U.S., supra, has no application to a Fifth Amendment claim of double jeopardy. We reject this view for the reasons outlined in this opinion and decline to follow State v. Johnson, supra.

. In its supplemental brief, the State informed this court that the 1979 Cadillac, which is the subject of the forfeiture in this case, had been sold by mistake.