HIGHTOWER, Judge,
dissenting.
This ruling will effectively preclude, on double jeopardy grounds, all derivative contraband forfeitures instituted subsequent to prosecution.
Under the rationale of Austin, supra, because such civil forfeitures consistently serve to punish the defendant in some measure even when partially remedial in purpose, the procedure is subject to the limitations of the Excessive Fines Clause of the Eighth Amendment. Likewise, upon recalling One 1958 Plymouth Sedan v. Pennsylvania, supra, the Austin court rejected the government’s argument that the removal of properties, or an automobile, used for illegal dealings, could be characterized as solely remedial and, thus, could escape scrutiny for excess iveness.
However, the present case concerns a claim of double jeopardy, not excessiveness. The double jeopardy analysis crafted in Hal-per, supra, a civil fines case discussing the Fifth Amendment, prohibits a second sanction to the extent, and only to the extent, that it cannot fairly be characterized as remedial. Conversély, to the extent that a remedial purpose is served, the procedure will clear the double jeopardy bar.
Irwin Halper, importantly, faced a civil penalty ($2,000 for each of 65 separate false Medicare claims) designed to substitute for the government’s recovery of damages following, and caused by, the fraudulent acts committed upon the United States Government. Yet, notwithstanding this remedial goal of compensation, the resulting sum overwhelmed any realistic estimate of the government’s pecuniary loss, leading the court to presume the sanction to be punitive.
Nevertheless, even under the pronouncements of Halper, I do not deem the present circumstances to depict that “rare case” implicating the Double Jeopardy Clause. Rather, the forfeiture of appellant’s relatively antiquated automobile is not — borrowing the language and reasoning of Halper — so “overwhelmingly disproportionate” to the damages caused, nor so “extreme[ly] ... divorced” from any proper remedial purpose as to offend the Fifth Amendment. Furthermore, in the in rem forfeiture of instrumentalities of crime, double jeopardy previously has found no application. United States v. Cullen, 979 F.2d 992 (4th Cir.1992); United States v. McCaslin, 959 F.2d 786 (9th Cir.1992).
Under the majority decision, a forfeiture of “derivative contraband” can never be remedial. This rationale, however, fails to recognize that each Bill of Rights protection demands separate, distinct considerations in its application. For instance, upon identifying a breach of the Excessive Fines Clause of the Eighth Amendment, the ensuing remedy simply reduces the sanction. On the other hand, consistent with the present opinion, a double jeopardy violation of the Fifth Amendment triggers an absolute bar to the second proceeding. Logically, then, the same standard should not control both Eighth and Fifth Amendment issues, nor can the Austin excessive fines test apply in a double jeopardy analysis. See State v. Johnson, 632 So.2d 817 (La.App. 4th Cir.1994).
I respectfully dissent.