VICTORY, Judge,
dissenting.
I agree with much of what is stated in Judge Hightower’s dissent, and add the following comments.
In Halper, a Fifth Amendment case, the United States Supreme Court stated that “a civil sanction that cannot fairly be said solely to serve a remedial purpose ... is punishment.” In Austin, the Court, quoting this language, held that because such a sanction is not solely remedial, but partly punishment, it is subject to the Excessive Fines Clause of the Eighth Amendment. In my view, the majority misconstrues this “solely remedial” language to conclude that a derivative contraband forfeiture in a civil proceeding, subsequent to a criminal conviction, necessarily violates the double jeopardy clause of the Fifth Amendment because it is not solely *1231 remedial. The majority seems to conclude that a sanction that is not solely remedial must be solely punishment. But, as we know from Halper and Austin, civil sanctions may advance punitive and remedial goals at the same time.
Certainly, under Halper, a subsequent civil sanction, such as a forfeiture, has double jeopardy implications. The Supreme Court in Halper recognized that any civil sanction, when viewed from the defendant’s perspective, carries a sting of punishment although the sanction might be remedial. Therefore, the precise holding in Halper was stated as follows:
We therefore hold that under the double jeopardy clause, a defendant who is already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly he characterized as remedial, but only as a deterrent or retribution. [Emphasis added.]
Under Halper, the double jeopardy inquiry does not end with a determination that the civil sanction might punish the defendant, as well as satisfy remedial goals. If such were the case, no civil sanction would have been possible in Halper, yet the Supreme Court-remanded the case to the trial court for the government to prove and recover its demonstrated costs, clearly a remedial goal. However, just as clearly, Halper will feel the sting of punishment when he has to pay those costs.
In reaching its conclusion, the Halper court said:
The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as “punishment” in the plain meaning of the word, then the defendant is entitled to an accounting of the Government’s damages and costs to determine if the penalty sought in fact constitutes a second punishment. We must leave to the trial court the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment.
Here, the record shows that at the time of forfeiture Wilson’s car had 180,000 miles on it and was worth only $2,800 when purchased by him. We can easily conclude that the forfeiture of the car is rationally related to the remedial goal of compensating the government for its costs in investigating and prosecuting Wilson, and is not so “overwhelmingly disproportionate” to those costs as to implicate the double jeopardy clause..
Even if we could not make such a determination from this record, we would be required to follow Halper and remand to the trial court for a determination of the government’s costs arising from the investigation and prosecution of Wilson. If the government’s costs were shown to exceed the value of the forfeited automobile, per Halper there would be no double jeopardy violation because recouping government costs is remedial, not punitive. If the automobile’s value was shown to have exceeded the government’s costs, the trial court would have to decide if the value of the forfeited automobile - was so “overwhelmingly disproportionate” to the “rough remedial justice” standard of Halper that a reimbursement to the defendant was required for the excess.
In State v. Johnson, 632 So.2d 817 (La. App. 4th Cir.1994), the Fourth Circuit rejected the majority’s arguments, and followed the rationale of Halper, as set forth in this dissent. This court should follow State v. Johnson.
For these reasons, I dissent from the majority opinion.