645 So.2d 791 (1994)
STATE of Louisiana, Appellee,
v.
Claude LAMB, Appellant.
No. 26,257-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
*792 Claude Lamb in pro per.
Richard Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., Marcus Clark, Asst. Dist. Atty., for appellee.
Before LINDSAY, J., JONES and PRICE, JJ. Pro Tem.
JONES, Judge Pro Tem.
Claude Lamb appeals a district court judgment denying his Motion for Release of Seized Property. The district court denied the motion because it found no merit to Lamb's claim and because another division of the court had already ruled on the claim. For the reasons expressed herein, we reverse and remand.

BACKGROUND FACTS
On May 2, 1989, police officers from the Metro Narcotics Unit of Ouachita Parish arrested Lamb on drug charges. At the time of the arrest, the officers seized $6,391.00 from Lamb's possession. Subsequent to the arrest, Lamb made bond and was released from jail. Then, on July 19, 1989, the police officers arrested Lamb again on drug charges. This time they seized $261.00 from his possession.
The Ouachita Parish district attorney filed a bill of information on August 2, 1989 which, after being amended on September 21, 1989, charged Lamb with one count of possession of cocaine with intent to distribute and one count of possession of twenty-eight grams or more, but less than two-hundred grams, of cocaine.
On October 25, 1989, another amended bill of information was filed, and pursuant to a plea bargain agreement, Lamb pled guilty to two counts of possession of cocaine with the intent to distribute. The plea bargain agreement did not provide for the disposition of the seized money. On January 4, 1990, the trial court sentenced Lamb to thirty years imprisonment.
Complaining only about the excessiveness of his sentence, Lamb appealed. On August 22, 1990, we affirmed. See State v. Lamb, 566 So.2d 462 (La.App.2d Cir.1990). Then, on September 25, 1990, Lamb sought writs from the Louisiana Supreme Court. Two months later, November 26, 1990, the supreme court denied Lamb's writ application at 569 So.2d 985 (La.1990).
Meanwhile, before the supreme court denied his writ application, Lamb sought the return of his money. On October 11, 1990, he filed a Motion for Return of Evidence and/or Motion for Contradictory Hearing. In the motion, he pointed out that his conviction was final and asserted that the state did not need the money as evidence against him. The district court, stating that the request was premature because of the pending writ application in the supreme court, denied Lamb's motion ex parte in a ruling filed on November 9, 1990.[1]
On or before July 14, 1992, the state presented to the trial judge a Motion and Order to Dispose of Seized Evidence/Property seeking to dispose of the $261.00 seized during Lamb's second arrest. In that motion, the state acknowledged the money was noncontraband and asserted that Lamb had not made a claim for it within two years after it was seized.[2] No certificate of service was *793 included in the motion. On July 14, 1992, the district court granted the state's motion ex parte and, pursuant to LSA-R.S. 15:41, transferred the ownership of the money to the Metro Narcotics Unit of Ouachita Parish. The motion and signed order were filed in the clerk's office on July 15, 1992; but, the record does not contain a certificate showing that notice of the judgment was mailed to any of the parties.
On or about June 17, 1993, the state presented a similar motion to the trial court. This time the state sought the disposal of the $6,391.00 seized during Lamb's first arrest. In this motion, the state again acknowledged the money was noncontraband and asserted that Lamb had not made a claim for it within two years after it was seized. A certificate of service was not attached to this motion. On June 17, 1993, the district court granted the state's motion ex parte and, pursuant to LSA-R.S. 15:41, transferred the ownership of the money to the Metro Narcotics Unit of Ouachita Parish. The record does not contain a certificate showing that notice of judgment was mailed to any of the parties.
Then, on July 28, 1993, Lamb filed his second motion for the return of the money seized from him during his two arrests. The district court denied that motion ex parte on August 17, 1993. In denying the motion, the district court stated, "Denied. Orders were validly rendered by other divisions of the court." The record does not contain a certificate showing that a notice of judgment was mailed to any of the parties.[3]
In a further attempt to get his money back on December 3, 1993, Lamb filed a third motion seeking its return. There is no certificate of service attached to this motion. The district court, finding no merit to Lamb's claim, denied the motion ex parte on December 7, 1993. From that judgment, Lamb, pro se and in forma pauperis, timely appealed.

DISCUSSION
At the outset, we note that the record in this case contains many errors. In an analogous situation, our brethren of the Louisiana First Circuit Court of Appeal observed:
[W]hat should have been a fairly simple... claim has needlessly burdened the court system for ... years. Every party involved in this litigation has committed various errors and/or omissions which contributed to the procedural anomaly, which is the record before us. LSA-C.C.P. art. 2164 commands us to "render any judgment which is just, legal, and proper upon the record on appeal."
Barnes v. L.M. Massey, Inc., 612 So.2d 120, 122 (La.App. 1 Cir.1992) (emphasis added).

Forfeiture
First, we address Lamb's contention that the state did not validly forfeit his ownership in the seized property. He notes that the state purportedly disposed of the property pursuant to LSA-R.S. 15:41 which provides that if there is a specific statute concerning the disposition of property seized in connection with a criminal proceeding, such property must be disposed of in accordance with the provisions thereof. LSA-R.S. 15:41 A. Lamb argues the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, LSA-R.S. 40:2601 et seq., is a specific statute dealing with the type of property involved in this case. Thus, he asserts, the state was required to dispose of the property by forfeiting his ownership pursuant to that statute.
According to that statute, Lamb contends, the state was required to prove the property was contraband before forfeiting his ownership. *794 He asserts, the money is not contraband because he legitimately derived it from an automobile accident settlement. Moreover, he points out, in obtaining the orders to dispose of his property, the state never attempted to prove the money was contraband or in any way connected to his drug business. Therefore, Lamb concludes, the state did not follow the procedures set out in the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, LSA-R.S. 40:2601 et seq. For the above reasons, he contends the orders disposing of his property are invalid.
According to LSA-R.S. 40:2604, the only property subject to forfeiture pursuant to LSA-R.S. 40:2601 et seq. is property considered as contraband, derivative contraband or property related to contraband. The state has the burden of showing that property is subject to forfeiture. LSA-R.S. 40:2606. As indicated above, Lamb does not contend that the property involved in this case is in any way related to contraband. Moreover, neither party presented any evidence in this proceeding to support such a contention. Accordingly, we find that LSA-R.S. 40:2601 et seq. is not a specific statute concerning the disposition of the property in this case. Thus, LSA-R.S. 15:41 A did not mandate that the state dispose of the property pursuant to LSA-R.S. 40:2601 et seq. For that reason, Lamb's claim, that the state was required to forfeit his property pursuant to LSA-R.S. 40:2601 et seq., lacks merit.[4]

Estoppel
Next, the state forcefully argues that Lamb's failure to appeal the August 17, 1993 judgment denying his second motion is a basis for this court to deny relief.[5] The state, citing the Code of Criminal Procedure, argues that Lamb's appeal delay has expired and asserts that the judgment is final and definitive. The state concludes Lamb can no longer appeal that judgment and is further precluded from relitigating this claim.
The state correctly notes that Lamb did not appeal the August 17, 1993 judgment. The state further keenly observes that the August 17, 1993 judgment involved the same claim as does the instant judgment from which Lamb has timely appealed. However, the state has mistakenly concluded that Lamb's delay for appealing the August 17, 1993 judgment has expired.
First, the instant matter is treated as civil by this court and is governed by the Code of Civil Procedure. In that regard, in a contested case where a final judgment rendered is not signed the same day as trial and in the presence of the parties, the delay for taking an appeal can not begin to run until proper notice of judgment is given. LSA-C.C.P. Arts. 1913, 1974, 2087 and 2123. In such cases, proper notice consists of mailing notice of the signing of the judgment to the parties. The clerk must also file a certificate in the record showing when and to whom notice was mailed. LSA-C.C.P. Art. 1913.
In the case sub judice, a thorough review of the record discloses no evidence showing that proper notice of the signing of the August 17, 1993 judgment was given to Lamb; the record does not contain any certificates of notice of judgment. Nor does the record show that proper notice of any of the other *795 judgments disposing of Lamb's property was given. Moreover, the state does not contend that proper notice was given to Lamb. Consequently, under the circumstances of this case, Lamb's appeal delay has not yet begun.
Ordinarily, the above discussion would not be warranted because the instant appeal is not from that judgment. Rather, this appeal was timely taken from the December 7, 1993 judgment. However, because this appeal stems from a judgment denying the same claims which were denied by the earlier judgment, in the interest of justice and judicial economy, we consider the instant appeal to be a timely appeal of the August 17, 1993 judgment and reach the merits thereon. LSA-C.C.P. 2164; URCA Rule 1-3.
As noted earlier, the August 17, 1993 judgment denied Lamb's claim solely because the state had already obtained orders disposing of the property. We note the prior orders disposing of Lamb's property ostensibly did so pursuant to LSA-R.S. 15:41. In relevant part, LSA-R.S. 15:41 B(1) states that "seized [noncontraband] property shall be returned to the owner...." Paragraph B(2) of that section permits the court to dispose of noncontraband property when the owner does not make a claim for it within two years after its seizure. A fair reading of this statute makes Paragraph B(2) inapplicable when it is reasonably possible to return noncontraband property to its known owner.
Moreover, even if Paragraph B(2) is applicable despite a reasonable possibility of returning noncontraband property to its known owner, we still find Paragraph B(2) inapplicable in this case. This is so because, when Lamb filed his October 11, 1990 Motion for Return of Evidence and/or Motion for Contradictory Hearing, he made a claim for his property within two years after it was seized. Furthermore, we note, the procedural requirements prescribed by LSA-R.S. 15:41 were not followed in this case. LSA-R.S. 15:41 C provides that when the release of seized property is sought by its owner, the property can be released only after a contradictory motion is heard. In the instant case, although Lamb made a claim for the property within two years of its seizure, no contradictory motion was heard. For the above reasons, we hold that the orders disposing of Lamb's property are invalid.
Finally, because of the tortured procedural history of this case, we elect, in the interest of justice, to set aside all orders granting or denying motions which have as their subject matter the property involved in this case, and we remand this entire matter to the district court for proceedings not inconsistent with this opinion. On remand, the district court is directed to order the state to dispose of the seized property according to law.[6] LSA-C.Cr.P. Art. 167. The district court is further cautioned to consider the implication of Lamb's constitutional right to not be punished twice as discussed in State v. 1979 Cadillac DeVille, 24,954 (La.App.2d Cir. 02/28/94), 632 So.2d 1221, writ granted, 94-1077 (La. 09/23/94), 642 So.2d 1302.[7]See and compare State v. Johnson, 93-2557 (La. App. 4th Cir. 02/11/94), 632 So.2d 817, writ granted, 94-0595 (La. 09/23/94), 642 So.2d 1302. See also U.S. Const.Amend. V; LSA-Const. Art. 1, § 15; LSA-C.Cr.P. Art. 591.

CONCLUSION
For the foregoing reasons, we reverse and set aside all orders either granting or denying motions dealing with the disposition of property seized in association with Lamb's arrests. The case is remanded to the district court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] It is noted, Lamb never appealed his conviction; he only complained about the excessiveness of his thirty-year sentence. Thus, Lamb's claim that the state no longer needed the money as evidence against him seems to have merit. Additionally, it is not uncommon for a final judgment to be rendered more than two years after a seizure; therefore, denying a motion for the return of seized property because it is premature can have a chilling effect on owners and, thus, discourage them from making a claim within the time limit fixed by LSA-R.S. 15:41 B(2).
[2] In brief, the state acknowledges Lamb filed an October 11, 1990 motion seeking the return of the money; however, it says it did not receive a copy of that motion. In Lamb's answer to the state's brief, he asserts that a copy of his motion was mailed to the state. In any event, the motion was filed in the record before the state filed its motion. This is not to suggest that the assistant district attorney intentionally misrepresented the facts to the court. Nevertheless, a material misrepresentation was made to the judges who granted the state's motions and orders to dispose of Lamb's property.
[3] In a November 30, 1993 letter transmitted to the clerk of court along with a third motion seeking the release of his property, Lamb indicated that he knew the court denied this motion. Thus, although the record does not show how or when, it is evident that Lamb did receive some form of notice of the district court's denial of this motion.
[4] Since Lamb's arrests occurred prior to the December 31, 1991 effective date of LSA-R.S. 40:2601 et seq., there is a substantial question as to whether it may be constitutionally applied to forfeit the property involved in this case. Usually, where substantive rights are involved, statutes may not be applied retroactively. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985); LSA-C.C. art. 6.
[5] By this claim, the state apparently argues the August 17, 1993 judgment makes Lamb's claim res judicata. The argument is apparent because the state did not use the term "res judicata;" but, rather, it intimates that the prior judgment precludes Lamb from relitigating this claim. We pretermit a discussion of this argument because the state did not file a formal pleading raising this exception at either the trial or appellate level. Bergeron v. Houma Hosp. Corp. of Sisters of St. Joseph, 514 So.2d 1192 (La.App. 1st Cir. 1987), writ denied, 517 So.2d 812 (1988); LSA-C.C.P. art. 927.

Moreover, to have a preclusive effect, a judgment must be valid, which, inter alia, means proper notice must have been given. Kelty v. Brumfield, 93-1142 (La. 02/25/94), 633 So.2d 1210, 1215; LSA-R.S. 13:4231, Comments 1990, cmt. (d). In the instant case, proper notice has not been given. LSA-C.C.P. Art. 1913. Thus, even if the exception of res judicata was before this court, it could not be sustained.
[6] Included among, but not limited to, the provisions in the law for disposing of property are LSA-C.Cr.P. Arts. 228.3 and 891 and LSA-R.S. 14:41, 14:402, 33:2333(B)(2), 40:1786 and 40:2601 et seq.
[7] The transcripts of Lamb's plea and sentencing colloquy show that forfeiture of the seized property was not part of the plea bargain; therefore, it cannot now be maintained that a forfeiture of the property is part and parcel of the criminal proceeding.