**UNITED STATES of America, Plaintiff,**

v.

**John COLLETTE, Defendant.**

**No. A92–154 CR (JKS).**

United States District Court, D. Alaska.

July 5, 1995.

Suzanne C. Hayden, Sp. Asst. U.S. Atty., and Robert C. Bundy, U.S. Atty., Anchorage, AK, for U.S.

Fleur L. Roberts, Fairbanks, AK, for John Collette.

**DECISION**

SINGLETON, District Judge.

John Collette moves at Docket No. 1106 for an order staying proceedings in this matter while the Ninth Circuit Court of Appeals considers his appeal from an Order of this Court denying his motion at Docket No. 1015 to dismiss the indictment and the resulting criminal prosecution against him on the ground that a prior civil forfeiture constituted a prior "jeopardy" barring this proceeding. *See Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (holding that rejection of double jeopardy claim constituted "collateral order" immediately appealable). While the Order denying

the motion to dismiss was immediately appealable as a "final order," a stay is not automatic. *See, e.g., United States v. Cheely,* 814 F.Supp. 1430, 1435 n. 1 (D.Alaska 1992). It is thus necessary to apply the criteria governing a stay on appeal which are set out in *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). The criteria require a balancing of the appellant's likelihood of success on appeal against the hardship to the parties from granting or denying the stay. I have already informed the parties that I think a stay, if requested, should be granted, my reasons follow:

## DISCUSSION

In order to weigh Collette's chances on appeal against the hardship of an intervening trial, it is necessary to look at the legal issues in the factual context in which they arose.

■ On December 8, 1992, the Grand Jury returned an indictment against John Collette and fourteen others charging a variety of federal felony offenses.[1] Essentially, the Grand Jury found that John Collette headed a criminal conspiracy in Fairbanks organized to manufacture and distribute marijuana. The conspiracy was in existence for a number of years and used a number of "grow houses" maintained around the community by the conspirators. Most prominent of the "grow houses" was Collette's significant greenhouse operation ("Happy Creek Greenhouse") and a number of residences owned by his co-conspirators and used to grow marijuana. Contemporaneous with Collette's arrest in October of 1992 the government brought a number of civil forfeiture proceedings against Collette's real and personal property. 21 U.S.C. § 881(a)(6) & (7). Collette made claims in some of these proceedings but allegedly, for financial reasons, did not file an answer or contest forfeiture, and he was defaulted in January of 1993. In May of 1993 Collette fled the jurisdiction and was only recently found and returned to this District for trial. Collette argues that "jeopardy" attached in the civil proceedings at

least at the time that a default judgment forfeiting his property was entered, and since the criminal cases had not gone to judgment at that time, further criminal proceedings against him were barred. Magistrate Judge Roberts initially heard this motion and recommended that it be granted. *See* reports and recommendations at Docket Nos. 1030 & 1042. Magistrate Judge Roberts rejected the government's arguments which were based on *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993), that because a civil forfeiture had different elements from any of the charges brought against Collette, the prior civil forfeiture did not constitute prior jeopardy for purposes of this prosecution. Magistrate Judge Roberts reasoned that the United States Supreme Court has sharply distinguished between the double jeopardy implications of prior criminal prosecutions and the double jeopardy implications of prior punishments, whether deemed civil or criminal. In Magistrate Judge Roberts' view, *Dixon* only addresses prior criminal prosecutions, not punishments, thus he applied a conduct test and determined that the forfeitures "punished" the same general conduct covered by the indictment. He therefore concluded in partial reliance on *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1216 (9th Cir.1994), that the indictment should be dismissed. Docket No. 1030 at page 6. Judge Roberts treatment of *Dixon* is problematical since Justice Souter in dissent made the same argument that seems to have persuaded Judge Roberts, that the phrase "same offense" in double jeopardy jurisprudence means different things when applied to the punishment prong of the test than when applied to the prosecution prong of the test. *See Dixon,* —— U.S. at ——, 113 S.Ct. at 2881–91 (Souter, Justice dissenting). A majority of the court in various opinions rejected this view. *See e.g.* —— U.S. at ——, 113 S.Ct. at 2859–64 (overruling *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and with it rejecting the "same conduct" test). There is an additional problem

---

**1.** Collette was charged with 16 drug related violations: Conspiracy to Violate Drug Trafficking, 21 U.S.C. § 846; Continuing Criminal Enterprise, 21 U.S.C. § 848; Manufacturing Marijua-

na, 21 U.S.C. § 841(a)(1); Maintaining a Drug Establishment, 21 U.S.C. § 856(a)(1); Investment of drug proceeds, 21 U.S.C. § 854; and Money Laundering, 18 U.S.C. § 1956.

with Judge Roberts analysis; in my view, Magistrate Judge Roberts and Collette both misunderstand the significance of the clear distinction the Supreme Court has drawn between the effect of a prior criminal prosecution on the one hand and the effect of a prior punishment on the other hand on a subsequent criminal prosecution.[2] For reasons that will be set out hereafter, I conclude that only a prior criminal prosecution may bar a subsequent criminal prosecution, and that a prior civil proceeding resulting in a penalty which constitutes "punishment" may only limit a subsequent punishment that might otherwise be imposed after a criminal conviction. This conclusion seems mandated by the Constitution and the United States Supreme Court cases interpreting it.

■ The Fifth Amendment provides that "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb ..." U.S. CONST. amend. V. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). Although the text mentions only harms to life or limb, the Amendment covers imprisonment and monetary penalties as well. See United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The Supreme Court clearly distinguishes between the effect of prior prosecutions and the effect of prior punishments in its Double Jeopardy jurisprudence. Thus, in a number of cases the government has attempted to conflate the two and contend that only if a punishment resulted from a criminal prosecution would it be affected by the Double Jeopardy Clause and the closely related Excessive Fines Clause. See, e.g., Austin v. United States, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); Halper, 490 U.S. at 441, 446–451, 109 S.Ct. at 1897–98, 1900–03. In each case, the Supreme Court has kept the two issues separate, concluding that a punishment need not necessarily flow from a criminal prosecution in order to implicate these Constitutional provisions. Thus the conclusion that a civil penalty or burden triggers the double jeopardy clause does not necessarily mean that the civil proceeding is itself a criminal prosecution to which all attendant safeguards must apply. See Austin, —— U.S. at ——, 113 S.Ct. at 2804–5 (distinguishing Kennedy v. Mendoza–Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963) and United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980) on this basis). It is undisputed that the in rem forfeiture proceedings of which Collette complains did not constitute criminal prosecutions. See, e.g., United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361–62, 104 S.Ct. 1099, 1104–05, 79 L.Ed.2d 361 (1984) and compare the discussion of this distinction in Austin, —— U.S. at ——, 113 S.Ct. at 2804–05 n. 4. All of the cases in

2. While I agree in substance with Magistrate Judge Roberts that a "punishment" resulting from a purely civil proceeding may have double jeopardy implications and that civil proceedings do not have elements in the same sense that criminal prosecutions do, I disagree with the implication that the "conduct test" bars prosecution for conduct related to or overlapping with the conduct directly related to the forfeited property and therefore responsible for the forfeiture. If I did accept Magistrate Judge Roberts' conclusion that the forfeitures barred some prosecution, I would limit that effect to prevent the government from relying exclusively on evidence regarding Collette's use of the forfeited property in order to convict him of the charges in the indictment but would permit him to be tried for conduct involving other residences, transactions, etc., even if it overlapped with his conduct regarding the forfeited property. Permitting prosecution for conduct not directly related to the

forfeited property would appear compelled by Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (evidence related to a former prosecution resulting in an acquittal may be used in a subsequent prosecution so long as the earlier case did not resolve one or more elements of the present prosecution). In my view, a civil forfeiture is never a prior prosecution, but if it were, Dowling would limit the preclusive effect to the actual issues resolved by the forfeiture. This aspect of the case is addressed hereafter. It is important to recognize that the United States specifically overruled Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), on the precise point of whether a civil forfeiture was a "criminal prosecution" with double jeopardy implications where the defendant had previously been acquitted. United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361–62, 104 S.Ct. 1099, 1104–05, 79 L.Ed.2d 361 (1984).

which a defendant has successfully argued at the appellate level that the interplay between a drug conviction and a civil forfeiture violated the Double Jeopardy Clause have involved a prior admittedly criminal prosecution and sentence followed by a civil forfeiture resulting in a "penalty" which was deemed punitive and set aside as an "additional punishment." Thus neither the Supreme court nor the Ninth Circuit has ever decided the question whether a particular civil forfeiture was really a criminal case. No appellate court case addresses the situation in which the civil proceeding resulting in a "punishment" is first in time and is invoked to challenge a subsequent criminal prosecution. This is the case here. The issue is discussed but not decided in *Department of Revenue of Montana v. Kurth Ranch,* — U.S. —, — n. 21, 114 S.Ct. 1937, 1947 n. 21, 128 L.Ed.2d 767 (1994) (this statute [the Montana tax statute] therefore does not raise the question whether an ostensibly civil proceeding that is designed to inflict punishment may bar a subsequent proceeding that is admittedly criminal in character.); and *see* Justice Scalia's dissent, — U.S. at —, 114 S.Ct. at 1958–59. While not dispositive, the Supreme Court's characterization of the issue—an ostensibly civil proceeding—in my view points to the proper solution. The Court has recognized elsewhere that a criminal prosecution may masquerade as a civil proceeding and thus entitle the defendant to all of the protections customarily afforded. *See Ward,* 448 U.S. 242, 248–51, 100 S.Ct. 2636, 2641–43, but concluded that the question turned initially on legislative intent and where, as would be the case here, Congress had intended a "civil" proceeding leading to a civil penalty, the question would turn on whether the sanction was so clearly criminal that Congressional judgment could be disregarded. In evaluating this issue, the Court looked to a multi-factor test taken from *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–70, 83

S.Ct. 554, 567–69, 9 L.Ed.2d 644 (1963). If the procedure fails the test, i.e., is truly a criminal prosecution, then all criminal safeguards must be provided or the statute is unconstitutional and presumably any determinations under it void and not merely voidable. *Id.* 184–87, 84 S.Ct. at 575–77. In summary, it appears reasonable to read the footnote in *Kurth* to suggest that unless a prior civil proceeding is really a criminal prosecution it would not bar further prosecution. In order to bar a subsequent prosecution the forfeiture would have to qualify as an "ostensibly civil proceedings" which failed the *Mendoza–Martinez,* test, i.e., a criminal wolf in civil sheep's clothing; that a proceeding might be considered quasi-criminal for some purposes would not suffice. *See, e.g., Ward,* 448 U.S. at 251–55, 100 S.Ct. at 2642–2644 (discussing *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886)). On the other hand, a prior civil proceeding which resulted in a penalty that qualified as punishment under *Kurth, Austin,* and *Halper* might preclude a subsequent criminal punishment even if it would not preclude trial and conviction. This is the most that Collette can expect because the civil forfeiture in his case would not qualify as criminal prosecutions under *Ward* and *Mendoza–Martinez; 89 Firearms,* 465 U.S. at 362–65, 104 S.Ct. at 1104–06 (since civil forfeiture proceeding is not a criminal prosecution it is not barred by owner's prior acquittal); *One Lot Emerald Cut Stones and One Ring v. U.S.,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (noting difference in mental state between criminal prosecution and civil forfeiture); *but see One 1958 Plymouth Sedan v. Comm of Pa.,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (collateral estoppel applies where defendant was acquitted in criminal prosecution and the particular civil forfeiture requires a finding that criminal law had been violated); [3] Since Collette has yet to be con-

---

**3.** I do not suggest that the collateral estoppel implications are simple. *See Stone v. U.S.,* 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127 (1897); *Coffey v. United States,* 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886); *and see United States v. U.S. Coin and Currency,* 401 U.S. 715, 718, 91 S.Ct. 1041, 1043, 28 L.Ed.2d 434 (1971) (quoting *Boyd* for the proposition that civil forfeitures are very like criminal prosecutions). In this case, Collette has not been acquitted of anything nor did he prevail in the civil proceeding. Since I assume collateral estoppel never works against a criminal defendant, I would assume that the doctrine has little application here except to the extent, if at all, required by *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

victed, any consideration of what punishment would be appropriate would be premature.[4]

I recognize that a number of cases and one law review article make assumptions inconsistent with this analysis, but in each case the author ignores the distinction that the Supreme Court has so carefully drawn between the effect of prior criminal prosecutions and prior punishments in double jeopardy jurisprudence. *See, e.g., United States v. Tamez,* 881 F.Supp. 460, 464 (E.D.Wash.1995); *Oakes v. United States,* 872 F.Supp. 817 (E.D.Wash.1994); *United States v. McCaslin,* 863 F.Supp. 1299 (W.D.Wash.1994); and *see United States v. Tilley,* 18 F.3d 295, 298 n. 5 and accompanying text (5th Cir.1994) (dictum);[5] Stephen H. McClain, *Running the Gauntlet: An Assessment of the Double Jeopardy Implications of Criminally Prosecuting Drug Offenders and Pursuing Civil Forfeiture of Related Assets under 21 U.S.C. § 881(a)(4), (6) and (7),* 70 NOTRE DAME L.REV. 941, 984 n. 229 (1995). In *Tamez* the Court recognized the distinction between criminal prosecutions and penalties but erroneously interpreted the circuit opinions as treating a civil forfeiture as a prior prosecution. *See United States v. Barton,* 46 F.3d 51 (9th Cir.1995), Amended, 1995 U.S.App. 4593 (9th Cir. Mar. 9, 1995), and *United States v. $405,089.23,* 33 F.3d 1210 (9th Cir. 1994). All of the Ninth Circuit cases depend upon *Austin* and *Halper* which discussed civil forfeiture as a subsequent "punishment" where the defendant had previously been criminally prosecuted and convicted, no Ninth Circuit case has dealt with the situation here in which characterization of a prior civil proceeding is required and the court concluded that a specific civil forfeiture constituted a criminal prosecution. *Halper* and *Austin* point the way to a proper resolution of that question. In those cases, the Supreme Court was careful to distinguish between a criminal prosecution masquerading as a civil proceeding and a true civil proceed-ing leading to a penalty properly viewed as "punishment" and therefore implicating the Double Jeopardy Clause. Unless a civil forfeiture proceeding satisfies the test of *Ward* and *Mendoza–Martinez,* it is not a criminal prosecution and consequently cannot bar a subsequent prosecution, though it might impact available penalties. *McCaslin* misses the point entirely. *See McCaslin,* 863 F.Supp. at 1306–07 (treating the civil forfeiture as a prior prosecution for double jeopardy purposes). In his article, McClain sees that, strictly speaking, it is only the potential second punishment and not the criminal prosecution that may be implicated by a prior forfeiture, but reasons that: "... unless conviction can be had without punishment, dismissal seems to be appropriate in that eventual success would be unconstitutional." 70 NOTRE DAME L.REV. 984 n. 229. Even if no additional punishment could be imposed, a conviction would not be a nullity. The purpose of the criminal law is to identify and neutralize lawbreakers. A conviction would serve to identify Collette as a drug dealer and subject him to increased penalties should he commit subsequent crimes. Thus, if we assume, as we must unless there is a trial, that the Grand Jury correctly charged Collette with a significant criminal operation, his conviction would serve valid public purposes and be useful even if no penalty in addition to past forfeitures was imposed.

My conclusion that consideration of Double Jeopardy is premature unless and until there is a conviction makes it necessary to address a further issue. If Magistrate Judge Roberts is correct that *Dixon* does not address the punishment prong of the double jeopardy clause and that in determining the basis for the punishment implied by forfeiture we must look to the conduct leading to the forfeiture, it is not clear that a decision by the Ninth Circuit favorable to Collette would preclude prosecution. Under general

---

4. If the civil forfeitures did qualify as criminal prosecutions under *Ward* and *Mendoza–Martinez,* they would be void, not merely voidable, since the safeguards available in criminal prosecutions were not available and I would simply disregard them perhaps permitting the government to retry the forfeiture issues in this criminal prosecution.

5. Magistrate Judge Roberts and others mistakenly characterize the *Tilley* observation as a holding. It is not. *Tilley* holds that a civil forfeiture is never a punishment for double jeopardy purposes. Consequently, any speculation by the Court about the legal effect if it were a punishment is the rankest dicta.

double jeopardy jurisprudence where separate proceedings result from the same criminal transaction, an earlier "conviction" or "acquittal does not bar a subsequent prosecution unless the same elements are involved. *See, e.g., United States v. Felix,* 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); *United States v. Saccoccia,* 18 F.3d 795 (9th Cir. 1994); *cf. Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (could not use evidence of traffic offense which had already resulted in conviction as predicate for finding recklessness in subsequent manslaughter prosecution since to do so is to make them the "same offense"); and *see United States v. Dixon,* — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Thus, if the civil forfeitures in this case barred subsequent prosecution for the same conduct, the government would be precluded from convicting Collette on the basis of his use of the forfeited property in any criminal enterprise, it would not prevent his being convicted and punished for conduct not directly related to the forfeited property such as supervising others in the illegal use of *their* property even though there was considerable overlap in proof between the two prosecutions. *Dowling v. United States,* 493 U.S. 342, 348–49, 110 S.Ct. 668, 672–73, 107 L.Ed.2d 708 (1990); *Saccoccia,* 18 F.3d at 798 (citing *Felix*). Since the indictment in this case may involve conduct not directly related to the use of the forfeited property, dismissal of the indictment is not a proper remedy for any double jeopardy problems that might exist. *Cf. United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489 (9th Cir.1994).

## CONCLUSION

The United States Supreme Court has made the distinction between prior criminal prosecutions and prior punishments in Double Jeopardy Jurisprudence clear. A prior prosecution precludes a subsequent prosecution. A prior punishment imposed as a "civil" penalty only prevents a subsequent punishment. If the civil forfeitures which affected Collette qualified as prior prosecutions, they would be void under *Ward* since the safeguards attending criminal prosecutions were not provided. A void "conviction" may be disregarded and does not constitute prior jeopardy. By the same token, if the prior forfeiture is not the "same offense", then the circumstances might be considered as relevant conduct if Collette is convicted. *See e.g. Witte v. U.S.,* — U.S. —, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). A prior punishment may affect a subsequent punishment, but it is premature to make the determination in this case that specific forfeitures impact this prosecution in a specific way since it would be necessary to evaluate the government's evidence to see if Collette engaged in prohibited conduct charged in the indictment which did not directly relate to the property of his which was forfeited. Generally, an evaluation of the government's evidence requires a trial of the general issue and is not appropriate for pre-trial determination.

Given the foregoing, should a stay be entered or should the case proceed to trial so that the appellate court would have a complete record to decide all possible related issues? I believe that a stay should be entered. The case law is sufficiently uncertain, and the impact of an unnecessary trial so great that further advice from the appellate court should be sought before proceeding to trial.

**IT IS THEREFORE ORDERED:**

The motion for stay at **Docket No. 1106** is **GRANTED.**