904 F.Supp. 987 (1995)
Jimmie Don KITTERMAN, Movant,
v.
UNITED STATES of America, Respondent.
No. 4:94CV2291-DJS.
United States District Court, E.D. Missouri, Eastern Division.
November 14, 1995.

*988 ORDER

STOHR, District Judge.
On October 23, 1992, movant Jimmie Kitterman entered a plea of guilty to all four counts of a superseding indictment in Cause No. S1-4:92CR157-DJS. The charges included conspiracy to distribute marijuana and to possess marijuana with intent to distribute, two counts of distribution of marijuana, and possession of marijuana with intent to distribute. On June 28, 1993, following an evidentiary hearing on June 25, the Court denied Kitterman's motion to withdraw his guilty plea.
The Court sentenced movant to four concurrent terms of 122 months' imprisonment and an aggregate term of eight years' supervised release. The denial of the motion to withdraw the guilty plea was affirmed on appeal. United States v. Kitterman, No. 93-2744, unpublished opinion listed at 16 F.3d 1229 (8th Cir. Jan. 28, 1994). On March 10, 1995, the Court granted the government's motion under Fed.R.Crim.P. 35(b) and reduced Kitterman's term of imprisonment to 96 months and his term of supervised release to six years. Movant has now filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.
*989 Ground One of Kitterman's motion asserts that his prosecution on criminal charges was barred by Double Jeopardy because the earlier forfeiture of his property under 21 U.S.C. § 881 constituted punishment for the same offenses. Following the rule of United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Court holds "that the double jeopardy challenge is foreclosed by the guilty pleas and the judgments of conviction." Id. at 565, 109 S.Ct. at 760. In addition, movant cannot use proceedings under § 2255 as a substitute for the direct appeal which he failed to pursue, and the Double Jeopardy claim cannot be considered in this collateral action in the absence of a showing of cause and prejudice for the default. Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir.1987); Reid v. United States, 976 F.2d 446, 447-48 (8th Cir.1992).
In the alternative, the Court would reject the claim on the merits. Preliminarily, the Court notes that although neither party has expressly addressed the question, it appears that the forfeitures  of several vehicles and $1,940 in currency  were administrative rather than judicial. Neither party has cited a Cause Number associated with the forfeitures, and the administrative Declarations of Forfeiture submitted as part of the record also support that conclusion.
In support of his argument, movant relies on several recent United States Supreme Court decisions: United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Austin v. United States, ___ U.S. ___, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) and Department of Revenue of Montana v. Kurth Ranch, ___ U.S. ___, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). In Halper, the Supreme Court held that:
under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.
Id., 490 U.S. at 448-49, 109 S.Ct. at 1901-02. Halper did not involve civil forfeiture, but rather a civil False Claims Act suit filed against Halper following his conviction under the criminal false claims statute. The Supreme Court did not conclude that Halper was not subject to liability under the civil statute, but instead remanded the case for further consideration of an amount of damages that would bear a rational relation to the actual loss sustained by the government as the victim of Halper's false claims.
The Supreme Court expressly recognized that the rule announced in Halper is "for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." Id. at 449, 109 S.Ct. at 1902. Halper specifically states that:
Nothing in today's ruling precludes the Government from seeking the full civil penalty against a defendant who previously has not been punished for the same conduct, even if the civil sanction imposed is punitive. In such a case, the Double Jeopardy Clause simply is not implicated.
Id. at 450, 109 S.Ct. at 1902. The Halper court defined its holding as follows:
[T]he only proscription established by our ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole.
Id. at 451, 109 S.Ct. at 1903.
In Austin, the Supreme Court concluded that civil forfeiture under 21 U.S.C. §§ 881(a)(4) and (a)(7) constitutes punishment for purposes of the Eighth Amendment's Excessive Fines Clause. Subsections (4) and (7) of § 881(a), respectively, authorize forfeiture of vehicles used or intended for use in drug trafficking and of real property used to facilitate the commission of drug felonies. The court's analysis relies heavily on the language and legislative history of these two subsections, and particularly what the court deemed to be "the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner." Austin, 113 S.Ct. at 2812. The court remanded *990 the case for further consideration of whether the forfeiture there at issue was excessive in relation to the offense committed.
In Kurth Ranch, the Supreme Court considered the Double Jeopardy implications of a Montana tax on the possession of illegal drugs assessed after the imposition of a criminal penalty for the same conduct, and concluded that the tax constituted punishment for the purposes of Double Jeopardy analysis.[1] Movant contends that the combined effect of Halper, Austin and Kurth Ranch is that his criminal conviction is barred by Double Jeopardy because it punishes him for the same conduct as was punished by the administrative forfeitures. Even assuming that the present state of the law of Double Jeopardy is as movant argues,[2] the Court is not persuaded that such a rule would apply to benefit movant on the facts of this case.
First, the record does not establish that movant was the owner of the three vehicles and the cash which were forfeited. Because neither movant nor any other person asserted a claim to the property, the forfeitures remained at the administrative level. There exists no judicial record concerning the forfeitures, and the only record compiled in the context of this proceeding consists of the "Notices of Seizure" sent to movant and the "Declarations of Forfeiture" later issued. The notices indicate that all four pieces of property were seized from movant, and this fact alone would have necessitated the service of notice on movant as a person who might possibly assert an interest in the property.
Movant failed to assert such a claim, however. The "Owner" line-items on the seizure notices for the 1986 Ford F150 truck and the currency are blank. The Notice of Seizure for the 1985 Audi 5000 shows the owner as a Betty Kitterman, and the notice concerning the 1989 Toyota Corolla lists a Kimberly R. Inskip as owner. On this record, movant fails to establish that he had any ownership interest in the forfeited property. Without such an interest, the forfeiture of the property cannot, in the Court's view, constitute a punishment to movant.
The Seventh Circuit so held in United States v. Torres, 28 F.3d 1463 (7th Cir.1994):
This case shows, however, that parallel administrative and criminal actions do not necessarily violate the double jeopardy clause. Torres received notice inviting him to make a claim in the civil forfeiture proceeding. He did not. As a result, he did not become a party to the forfeiture. There was no trial; the $60,000 was forfeited without opposition, and jeopardy did not attach ... As a non-party, Torres was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." [Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 1064-65, 43 L.Ed.2d 265 (1975)].
Torres, 28 F.3d at 1465. The Torres court further noted that "because Torres did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money." Id. The same rationale applies to defeat Kitterman's Double Jeopardy claim.[3]
Movant's failure to assert a claim in the forfeitures, and the resulting lack of a factual and legal record, are fatal to movant's claim in another respect as well. In the absence of such a record, the Court cannot confirm that *991 the forfeitures were based on the same conduct as was punished in the criminal case. Movant has not identified, and the Court is not aware of, any portion of the criminal case record which conclusively reflects the involvement of this cash and these three vehicles.[4]
Furthermore, the minimal record concerning the forfeiture does not indicate under which subsection of § 881 the cash and vehicles were deemed to be forfeitable. For the vehicles, several possibilities exist. Section 881(a)(4), discussed in Austin, applies to conveyances used or intended for use to transport drugs or to otherwise facilitate drug offenses. Section 881(a)(6) applies, inter alia, to all "things of value" exchanged in drug transactions or purchased with drug proceeds, and may be used to support the forfeiture of a vehicle purchased with the proceeds of unlawful drug transactions. See United States v. One 1990 Chevrolet Corvette, 37 F.3d 421 (8th Cir.1994). Subsection (a)(6) presumably also supported the forfeiture of the $1,940.
A relevant distinction has been recognized by some courts between forfeiture under (a)(4) and (a)(6). In United States v. Tilley, 18 F.3d 295 (5th Cir.1994), the Fifth Circuit held that "the logic of Austin is inapplicable to § 881(a)(6)" because the forfeiture of drug proceeds is always proportional to the amount of drugs sold, and is therefore remedial under Halper so as not to implicate Double Jeopardy. Id. at 299-300. See also One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972). But see United States v. $405,089.23, 33 F.3d 1210, 1221 (9th Cir.1994) [rejecting such a distinction]. This Court tends to agree with the rationale of Tilley, which would further undercut movant's contentions in the event that the forfeitures were premised on § 881(a)(6). For all the foregoing reasons, the Court concludes that movant's convictions do not violate Double Jeopardy and finds that movant's Ground One is without merit.
Ground Two of the motion is an ineffective assistance of counsel claim as to both Michael Dwyer, the Assistant Public Defender who represented movant until the filing of the motion to withdraw the plea, and Larry Hale, the attorney appointed by the Court to replace Mr. Dwyer. To establish ineffective assistance of counsel, Kitterman must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984). To the extent movant's ineffective assistance claim is based on counsel's failure to inform movant of the Double Jeopardy defense asserted in Ground One above, it is rejected. The Court having found that Double Jeopardy does not provide movant with a defense to the criminal charges, the Court also finds that counsel did not perform below an objective standard of reasonable competence in failing to pursue such a defense on Kitterman's behalf.
Kitterman makes an allegation, not entirely clear, that his untimely notice of the change of attorneys caused a delay in the filing of his motion to withdraw the guilty plea. This does not appear to state a claim concerning ineffective assistance of counsel. In any event, although the length of time between the guilty plea and the filing of the motion was one factor weighing against the granting of the motion, the Court also noted that "[w]here defendant fails to demonstrate a fair and just reason for the withdrawal of his plea, the remaining factors need not even be considered." Order of June 28, 1993, p. 4. Movant's argument on this point does not warrant any relief under § 2255.
Movant's last ineffective assistance contention is that Mr. Hale was not sufficiently prepared for the hearing on the motion to withdraw the plea because he had no medical records to adduce or psychiatrist to testify. In order to demonstrate prejudice from Hale's performance, movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of *992 the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. In the context of movant's particular allegation, this requires movant to come forward with independent evidence of what the medical records and psychiatrist's testimony would have proven. See Dyer v. United States, No. 92-1808, slip op. at 3, 978 F.2d 1263 (8th Cir. Oct. 27, 1992); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.1989). In the absence of such a showing, the Court concludes that movant is not entitled to relief on this aspect of his ineffective assistance claims. Ground Two of the motion is therefore rejected.
In Ground Three, movant challenges the application of the enhanced mandatory minimum sentence of 10 years pursuant to 21 U.S.C. § 841(b)(1)(B), based on his prior felony drug convictions. Movant shows no cause and prejudice to excuse his failure to raise this claim on direct appeal, and on this basis alone, Ground Three may be rejected. In the alternative, the Court finds the claim to be without merit. Kitterman argues that he received no notice prior to application of the enhancement and that no hearing was held pursuant to 21 U.S.C. § 851. Section 851 requires that the United States' attorney file with the Court and serve on the defendant an information stating the previous convictions relied upon to increase the mandatory minimum sentence. The information must be filed "before trial, or before entry of a plea of guilty."
The information in this case was filed on October 23, the date of the guilty plea, and appears to have been filed prior to the entry of the plea. During the plea proceedings, Kitterman indicated that he understood that the statutory minimum sentence was ten years. Transcript, p. 9. Furthermore, the Court expressly indicated its acceptance of "the criminal Information which was today filed," and defense counsel responded that he had seen a copy of the information and that he and the defendant "were prepared for its being filed today." Transcript, p. 16. The record therefore supports a finding that the information was timely filed and served upon defendant prior to the entry of the guilty plea.
Kitterman's claim that a hearing was required is likewise without merit. Section 851(c)(1) requires a hearing only where the defendant files a "written response to the information" in which he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." Defendant filed no such response and no hearing was necessary. The Court concludes that no relief under § 2255 is merited based on Ground Three of Kitterman's motion.
Movant asserts challenges to the contents of the Presentence Investigation Report ("PSR") in Ground Four of the motion. Specifically, Kitterman argues that he was not the highest in culpability and had no control over other participants in the offenses. The Court further construes Ground Four as asserting that movant was prevented from timely asserting his objections to the PSR because his only means of access to counsel during his detention was collect telephone calls. These claims are rejected for Kitterman's failure to raise them on direct appeal. Furthermore, Sentencing Guidelines claims such as Kitterman's apparent challenge to the PSR's assessment of his role in the offenses of conviction, are not ordinarily cognizable under § 2255. See Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995).
Furthermore, movant's conclusory assertions concerning his role in the offenses does not persuade the Court that the facts did not warrant the 4-point adjustment under § 3B1.1(a) of the Guidelines. As to movant's alleged inability to communicate additional objections to the PSR, this does not state a ground for relief under § 2255, particularly in view of movant's opportunity at the sentencing hearing to address the Court. Transcript, pp. 28 & 30.
The United States construes the motion as asserting a fifth ground for relief, that the conspiracy charge was not explained to movant prior to his entry of a guilty plea. Although the Court does not read the motion as asserting any such distinct claim, the Court concludes that such a claim would not warrant relief under § 2255. At the time of plea, while under oath, Kitterman stated that *993 he had fully discussed the charges with his counsel. Transcript, p. 4. Following the Court's review of the charges, movant again indicated that he understood the charges. Transcript, p. 12.
For all the foregoing reasons, the Court concludes that movant has not demonstrated an entitlement to relief under § 2255. By separate judgment entered herein today, the instant motion to vacate, set aside or correct sentence will be denied.
IT IS HEREBY ORDERED that movant's motion for appointment of counsel [Doc. # 12] is denied.
NOTES
[1] The Supreme Court noted, however, that the Montana statute at issue in Kurth Ranch did not "raise the question whether an ostensibly civil proceeding that is designed to inflict punishment may bar a subsequent proceeding that is admittedly criminal in character." Id., ___ U.S. at ___, n. 21, 114 S.Ct. at 1947, n. 21.
[2] But cf. Kurth Ranch, 114 S.Ct. at 1958-59 (Scalia, J., dissenting); United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) [not overturned by Halper, Austin or Kurth Ranch]; United States v. $405,089.23, 56 F.3d 41 (9th Cir.1995) (Rymer, J., dissenting from order rejecting suggestion for rehearing en banc).
[3] On this basis, the instant case is distinguishable from United States v. McCaslin, 863 F.Supp. 1299 (W.D.Wa. Sept. 2, 1994), on which movant heavily relies. In McCaslin, the court expressly noted the distinction highlighted in Torres, i.e., where the criminal defendant has not filed a claim in the forfeiture proceedings. McCaslin, 863 F.Supp. at 1305, n. 1.
[4] Count I of the superseding indictment refers to a 1986 Ford F150 pick-up truck. No Vehicle Identification Number is given, however, and movant has not established that the Ford truck forfeited is the same truck as referred to in the indictment.